527 F.2d 127
 13 Fair Empl.Prac.Cas. 803,
10 Empl. Prac. Dec. P 10,543
Alphonse W. STEWART, Appellant,
v.
MARQUETTE TOOL & DIE COMPANY, INC., a corporation, and
District 9, International Association of
Machinists and Aerospace Workers, Appellees.
 No. 75--1353.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 11, 1975.
Decided Dec. 3, 1975.
Rehearing Denied Dec. 17, 1975.
 
 Harold Lee Whitfield, St. Louis, Mo., for appellant.
 Thomas M. Hanna, St. Louis, Mo., for Marquette Tool & Die Co.
 Jerome A. Diekemper, Clayton, Mo., for District 9.
 Before LAY, HEANEY and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Alphonse W. Stewart appeals a decision of the United States District Court for the Eastern District of Missouri, finding that he had not been discriminated against in employment on racial grounds and finding that District 9, International Association of Machinists and Aerospace Workers (Union) had not discriminated against him on racial grounds.
 
 
 2
 After a careful consideration of the record and of the briefs and arguments of the parties, we are convinced that the factual findings of the District Court are not clearly erroneous. To the contrary, the records support the trial court's finding that Stewart voluntarily terminated his employment with Marquette Tool and Die Company (Marquette) because of his desire to reestablish his residency in California.
 
 
 3
 The record also supports the trial court's finding that six months later when Stewart changed his mind and asked to be reemployed, he was not denied that opportunity for racial reasons. With the reorganization of the plant, his former position had been abolished. Only one person was hired in the area in which Stewart had formerly worked, and he was found by the District Court to be a more versatile employee with a higher work quality record. This finding was not clearly erroneous.
 
 
 4
 We are also convinced the District Court's findings that the Union did not discriminate against Stewart because of race are not clearly erroneous. After Marquette refused to rehire Stewart, he filed a grievance. A labor-management grievance meeting was held, and the Union adequately represented him at that hearing. After a refusal of Marquette, at the Union's request, to put Stewart back on the appropriate seniority list, the Union declined to process the grievance to arbitration because of evidence that Stewart had voluntarily quit his employment earlier. The District Court found that that the Union's reason for not processing this grievance to arbitration was its good faith belief that it could not prevail in arbitration. There is no persuasive evidence that its decision was based on improper racial motivations.
 
 
 5
 In addition, we find no error of law that would necessitate a reversal of the District Court's opinion.
 
 
 6
 Affirmed.