442 F.Supp. 41 (1977)
Mary Josephine WOOD, Plaintiff,
v.
SOUTHWESTERN BELL TELEPHONE COMPANY, Defendant.
No. 75-580C(2).
United States District Court, E. D. Missouri, E. D.
December 6, 1977.
*42 Anthony L. Anderson, Anderson, Fredrick, Preuss, Eickhorst & Geissal, Clayton, Mo., for plaintiff.
John D. Rahoy, St. Louis, Mo., for defendant.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court upon defendant's motion for summary judgment. This is a sex discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq. The complaint centers around plaintiff's allegation that she was given insufficient training, due to her sex, for a job she was given in 1968. She was removed from that position in November of 1969.
Plaintiff then filed a grievance with her union. She filed a charge with the Equal Employment Opportunity Commission in April of 1970, well after the then applicable period of ninety (90) days. Defendant's motion for summary judgment is based upon plaintiff's failure to meet this deadline. A timely filing is a jurisdictional prerequisite to suit. 42 U.S.C. § 2000e-5(e); Alexander v. Gardner-Denver, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).
Plaintiff's motion was filed in January of 1976 before the Honorable John K. Regan, United States District Judge. It was deferred apparently in anticipation of the Supreme Court's ruling in Electrical Workers Local 790 v. Robbins & Myers, Inc., 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976). That case considered whether the filing of a grievance could toll the filing requirements with the E.E.O.C. The Court held that the requirements were not tolled. That ruling disposes of plaintiff's primary claim here.
After the motion for summary judgment was filed plaintiff amended her complaint. Plaintiff now alleges that the present effect of defendant's alleged actions in 1968 and 1969 "continues" the discrimination. If continuing discrimination is properly pleaded and shown the filing deadlines are generally inapplicable.
However, in United Air Lines Co. v. Evans, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977) the Supreme Court considered a similar situation. The Court held that where the present "impact" is caused by a discernible past act, the continuing discrimination doctrine does not apply. In Evans the past act was a discharge, which, although discriminatory, was not actionable because of the filing requirements. Here the past act was a failure to train plaintiff. From a theoretical viewpoint the two are indistinguishable.
Thus, the Court is without jurisdiction and the action will be dismissed for failure to comply with the filing requirements of 42 U.S.C. § 2000e-5(e).