Mary Josephine WOOD, Appellant,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.

No. 78–1076.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1978.

Decided Aug. 2, 1978.

Anthony L. Anderson, Anderson, Preuss & Zwibelman, Clayton, Mo., made argument and filed brief for appellant.

James A. Daugherty, Southwestern Bell Telephone Co., St. Louis, Mo., made argument and filed brief for appellee.

Gary T. Brown, Atty. (argued), Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Equal Employment Opportunity Commission, Washington, D.C., on brief, for amicus (EEOC).

Before STEPHENSON, Circuit Judge, INGRAHAM,* Senior Circuit Judge, and HENLEY, Circuit Judge.

STEPHENSON, Circuit Judge.

This case presents the question of whether the 90-day limitation period provided for by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(d) (1970) (amended 1972), is applicable to appellant's claim of sex discrimination, or whether the amendments to Title VII, effective March 24, 1972, providing for an extended 180-day limitation period, are applicable. 42 U.S.C. § 2000e–5(e) *as amended by* Equal Employment Opportunity Act of 1972, Pub.L.No. 92–261, § 4, 86 Stat. 103.

Appellant-plaintiff Mary Josephine Wood filed a sex discrimination charge with the Equal Employment Opportunity Commission (EEOC) against her employer, appellee-defendant Southwestern Bell Telephone Company. At the time the charge was accepted for filing, it fell outside of the 90-day limitation period then applicable. However, by the time the EEOC issued its right-to-sue letter to Wood, almost five years later, the 90-day limitation period had been amended to 180 days. Wood's charge

had been filed within 180 days of the alleged discriminatory act. The trial court [1] found the 90-day limitation period to be applicable and thus granted Southwestern's motion for summary judgment on the ground that Wood had failed to meet the jurisdictional prerequisite of a timely filing.[2] We reverse and remand.

Wood began her career with Southwestern in St. Louis in 1950, and until December 1, 1968, worked for Southwestern as a clerical employee. At that time she had applied for, and was given, a craft position as a deskman on the test board.[3] She remained in the position of deskman until November 7, 1969, when she was removed for allegedly poor performance and demoted to the position of repair clerk. Wood reapplied for the deskman position several times throughout the next two years,[4] and additionally filed a formal EEOC charge of discrimination alleging sex discrimination. The charge was accepted for filing by the EEOC on April 20, 1970, 164 days after her demotion. The EEOC then issued to Wood a right-to-sue letter on April 18, 1975, and Wood filed the present action on July 1, 1975. Wood must timely file her charge with the EEOC as a jurisdictional prerequisite. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228 (8th Cir. 1975); 42 U.S.C. § 2000e–5(e).

The question presented by this set of facts, a question heretofore unanswered by this court, is which of the limitation periods is applicable. When Wood's complaint was accepted by the EEOC, the then applicable

---

* The Honorable Joe M. Ingraham, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

2. The decision of the district court is reported at 442 F.Supp. 41 (E.D.Mo.1977).

3. A description of the position of a deskman, as found in Southwestern's plant department job descriptions is as follows: "Operates a local test desk to test communications circuits and associated equipment; analyzes trouble reports; dispatches repair forces and cooperates

in locating and clearing troubles; dispatches Plant forces on service order work; prepares and maintains related records and reports; etc."

4. The primary basis for Wood's claim is her demotion from a craft position to a non-craft position. She also alleges that she was given different training than similarly situated males in craft positions and that the discrimination against her was "continuing" when, after her demotion, she entered bids on five occasions for the purpose of regaining the position of deskman and each bid was denied.

limitation period was 90 days. 42 U.S.C. § 2000e–5(d) (1970) (amended 1972). Thus Wood's claim was filed outside of the time period allowed, and the summary judgment by the trial court would appear to be proper on the basis of lack of jurisdiction.

However, while the complaint was still within the administrative framework of the EEOC, and prior to any final action by that agency, Congress amended the 90-day limitation period to 180 days, Equal Employment Opportunity Act of 1972, Pub.L.No. 92–261, § 4, 86 Stat. 103 (amending 42 U.S.C. § 2000e–5(d)), and provided in section 14 of the Act that: "The amendments made by this Act to [42 U.S.C. § 2000e–5] shall be applicable with respect to charges pending with the Commission on the date of enactment of this Act and all charges filed thereafter." Id. § 14. Section 14's reference to "charges pending" was discussed by the Supreme Court in International Union of Elec. Workers, Local 790 v. Robbins & Myers, Inc., 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976), in a similar factual situation. In Electrical Workers, plaintiff filed the EEOC complaint on February 10, 1972, 108 days after the allegedly discriminatory discharge; on March 24, 1972, the 180-day amendment became effective. The Supreme Court held: "Congress intended the 180-day period to be applicable to charges such as that filed by [plaintiff], where the charge was filed with the EEOC prior to March 24, 1972, and alleged a discriminatory occurrence within 180 days of the enactment of the Act." Id. at 243, 97 S.Ct. at 450 (footnote omitted).

The Court found erroneous defendant's contention that "pending with the Commission" could not include plaintiff's complaint as it was untimely when filed. (The 90-day limitation period was effective when plaintiff's 108-day old complaint was filed.)

Since Congress also applied the enlarged limitations period to charges, whether or not untimely on March 24, "filed thereafter," we should not presume Congress created this odd hiatus in retroactivity suggested by [defendant] unless congressional intent to do so was conveyed by language more precise than "pending," [citation omitted]. "Pending" is simply not a term of art that unambiguously carries with it a meaning precisely suited for this situation; equally logical, for example, would be an interpretation that read "pending" to mean "filed and not yet rejected," [citation omitted].

Id. at 242–43, 97 S.Ct. at 450.

At the time the 180-day amendment became effective, Wood's complaint had not yet been formally acted upon by the EEOC. The first action the EEOC took was to issue a probable cause determination in December 1973; the final action, issuing the right-to-sue letter, did not occur until April 18, 1975. Thus Wood's complaint was "pending" according to the commonplace definition given the section 14 language by the Supreme Court in Electrical Workers.

However, the distinguishing factual difference between Electrical Workers and this case is that the alleged discriminatory act in Electrical Workers occurred within 180 days of the amendment. The alleged discriminatory act in this case occurred almost two years before the amendment took effect. The Court in Electrical Workers explicitly left open the question this particular fact pattern presents. "Accordingly, we need not decide whether the enlarged limitations period also redounds to the benefit of persons who filed a charge more than 90, but less than 180, days from the date of the alleged 'occurrence,' where the 180 days had run prior to March 24, 1972." Id. at 243 n. 17, 97 S.Ct. at 450.

The basis for the Court's decision in Electrical Workers was that "pending cases" logically means cases on which the EEOC has yet to take final action. In our opinion this reasoning extends to include all cases pending, and not simply those in which the discriminatory act occurred within 180 days of the amendment. This one factual difference does not provide any reasonable basis on which a different result in this case could be distinguished.

In deciding that the 180-day amendment is applicable because of the section 14 provision that all "charges pending" are covered

by the amendment, this court is in agreement with the Ninth Circuit's rationale and holding in *Inda v. United Air Lines, Inc.,* 565 F.2d 554, 560–61 (9th Cir. 1977), *cert. denied,* 435 U.S. 1007, 98 S.Ct. 1877, 56 L.Ed.2d 388 (1978), a case which presents an identical fact situation.[5] "If the charge was, on the date of enactment, on file with the Commission, and if final action had not yet been taken by the Commission with respect to the charge, the charge was pending in the sense in which the term is commonly used." *Id.* at 561. *Accord, Dickerson v. United States Steel Corp.,* 439 F.Supp. 55, 69 n. 11 (D.Pa.1977); *Crook v. Penn Central Transp. Co.,* 427 F.Supp. 956, 958–59 (D.Ill.1977). *Contra, Roberts v. Western Airlines,* 425 F.Supp. 416, 428–29 & n. 25 (N.D.Cal.1976). *See also EEOC v. Delaware Trust Co.,* 416 F.Supp. 1040, 1046–47 & n. 16 (D.Del.1976).

This holding is further supported by the legislative history of the Act. *See International Union of Elec. Workers v. Robbins & Myers, supra,* 429 U.S. at 242–43, 97 S.Ct. 441. "[T]he legislative history does not make this one of those unusual cases in which a court may infer, contrary to the language actually used, that Congress intended to so limit the scope of § 14 * *." *Id.* at 242, 97 S.Ct. at 450.

Wood also raises the issue of continuing discrimination.[6] It is not necessary to reach this issue as, of the date of the demotion, Wood's claim is timely and thus meets the jurisdictional requirement without showing continuing discrimination.

Reversed and remanded to the district court.

---

5. Appellee argues that this court has considered similar timeliness issues and that the language in those cases is controlling in this case. However, in none of the cases cited by appellee as "controlling" was the precise question now before us raised. In *Greene v. Carter Carburetor Co.,* 532 F.2d 125, 127 (8th Cir. 1976), our court specifically noted that it was unnecessary to resolve the question raised in this case as the complaint was untimely even if the 180-day limitation period applied.

---

In *DeGraffenreid v. General Motors Assembly Div.,* 558 F.2d 480 (8th Cir. 1977), even under the most favorable interpretation of the facts, plaintiffs had not filed within 180 days, once again making it unnecessary to determine which was the appropriate limitation period.

In *Stewart v. Marquette Tool & Die Co.,* 527 F.2d 127 (8th Cir. 1975), the issue was not raised in appellant's brief and was not discussed by this court.

6. *See* note 4, *supra.*