616 F.2d 267
 22 Fair Empl.Prac.Cas. 172,
22 Empl. Prac. Dec. P 30,695
 Judith HUNTER and Shirley Vance, Plaintiffs-Appellants,
v.
WESTINGHOUSE ELECTRIC CORPORATION; Hamilton Beach Division,
Scovill Manufacturing Company and the
International Brotherhood of Electrical
Workers, Local 2196,
Defendants-Appellees.
 
 No. 77-3473.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 3, 1979.
Decided Feb. 28, 1980.
 Barbara A. Terzian, Leonard J. Schwartz, Schwartz & Fishman, Columbus, Ohio, for plaintiffs-appellants.
 Michael J. Renner, Michael K. Gire, Columbus, Ohio, for Westinghouse Elec. Corp.
 Charles K. Howard, Atlanta, Ga., for Hamilton Beach Div. of Scovill Mfg.
 Stanley M. Hostler, Charleston, W. Va., for Int. Brotherhood, Local 2196.
 C. Richard Grieser, Richards, Grieser & Schafer Co., L.P.A., Columbus, Ohio, for defendants-appellees.
 Abner W. Sibal, Joseph T. Eddins, Jr., Ramon R. V. Gomez, E.E.O.C., Karen MacRae Smith, Washington, D. C., for amicus curiae EEOC.
 Before WEICK, LIVELY and MERRITT, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal raises the same issue decided by the Ninth Circuit in Inda v. United Airlines, Inc., 565 F.2d 554, 560 (1977) and by the Eighth Circuit in Wood v. Southwestern Bell Telephone Co., 580 F.2d 339 (1978), namely: whether the statutory amendment allowing 180 days rather than 90 days for filing Title VII sex discrimination charges with the Equal Employment Opportunity Commission applies to sex discrimination charges still pending before the Commission but filed more than 180 days prior to the effective date of the amendment. When Congress amended Title VII in 1972 to extend the 90-day period to 180 days, 86 Stat. 103, 42 U.S.C. § 2000e-5(e) (1976), it provided in § 14 that the amendments "shall be applicable with respect to charges pending with the Commission on the date of enactment of this Act and all charges filed thereafter." 86 Stat. 113.
 
 
 2
 On February 27, 1970, about 154 days after discharge, plaintiffs Vance and Hunter filed sex discrimination charges with the Commission. The Commission accepted the charges and treated them as timely. It issued determinations on January 6 and 7, 1976, that there was reasonable cause to believe that the claims of all three women were true. Conciliation efforts failed, and the Commission issued to plaintiffs a notice of their right to sue.
 
 
 3
 Suit was timely filed. The defendants, Westinghouse Electric Corp., and its successor in interest, Scovill Manufacturing Company, moved to dismiss the claims for failure to file timely EEOC charges. They contended that the charges had not been filed within 90 days of the discharges and were, therefore, beyond the 90-day limitation period specified for charges at the time of filing. The District Court granted the motion without stating a reason.
 
 
 4
 For the reasons fully set out in the opinions of the Ninth and Eighth Circuits in Inda and Wood, supra, we join those Circuits in holding that the word "pending" in the above-quoted statutory amendments includes charges filed with the Commission more than 180 days prior to the enactment of the amendments, so long as the Commission, as here, had not yet formally acted upon the charges.
 
 
 5
 Accordingly, the judgment of the District Court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.