Sidney A. OSMUNDSEN, Petitioner,

v.

TODD PACIFIC SHIPYARD and Travelers Insurance Company, et al., Respondents.

No. 84–7483.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 22, 1985.

Decided March 14, 1985.

Janet Lane Eaton, Schroeter, Goldmark & Bender, P.S., Seattle, Wash., for petitioner.

Robert H. Madden, V. Lee O. Rees, Detels, Madden, Crockett & McGee, Seattle, Wash., for respondents.

Before SCHROEDER, FARRIS and REINHARDT, Circuit Judges.

## PER CURIAM.

Sidney Osmundsen moves to remand his petition for review to the Benefits Review Board of the United States Department of Labor for further consideration in light of the recent enactment of the Longshore and Harbor Workers' Compensation Act Amendments of 1984 Pub.L. No. 98–426, 98 Stat. 1639, 1648. Todd Shipyards Corporation and its compensation carrier, the Travelers Insurance Company challenge the applicability of the 1984 Act and, assuming applicability, its constitutionality.

On January 14, 1976, after evaluation by a lung specialist, Osmundsen became aware of a possible relationship between his employment as a boilermaker and his breathing difficulties. On April 14, 1976 Osmundsen filed a claim against his employer and its compensation carrier pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq.

On April 17, 1981 the administrative law judge denied Osmundsen's claim because of his failure to give notice of his claim within 30 days of becoming aware of the relationship between his employment and his condition. *See* 33 U.S.C. § 912(a).[1] The Board affirmed the ALJ's decision on May 22, 1984. Osmundsen filed a timely petition for review in this court under 33 U.S.C. § 921(c).

Osmundsen's petition for review was pending on September 28, 1984, the effective date of the amendments to the Act. Pub.L. No. 98–426, 98 Stat. 1639. These amendments extended the notice requirement of 33 U.S.C. § 912(a) from 30 days to one year in cases of "an occupational disease which does not immediately result in a disability or death". Pub.L. No. 98–426, § 11(a), 98 Stat. 1648. The amendments became effective on the date of enactment and "apply both with respect to claims filed after such date and to claims pending on such date." Pub.L. No. 98–426, § 28(a), 98 Stat. 1655.

I

*Pending Claim*

The respondents contend that Osmundsen's claim was extinguished when he failed to give notice of his claim within 30 days after he became aware of the relationship between his injury and his employment. Alternatively, the respondents ar-

---

1. At the time Osmundsen became aware of his condition, 33 U.S.C. § 912(a) provided:

Notice of an injury or death in respect of which compensation is payable under this chapter shall be given within thirty days after the date of such injury or death, or thirty days after the employee or beneficiary is aware or in the exercise of reasonable diligence should have been aware of a relationship between the injury or death and the employment. Such notice shall be given (1) to the deputy commissioner in the compensation district in which the injury occurred, and (2) to the employer.

gue that the claim was extinguished when the Board affirmed the ALJ's denial of Osmundsen's claim. In either event, the respondents argue that Osmundsen's claim was not "pending" when the 1984 Act took effect. We reject this narrow interpretation of "pending" claims.

The Supreme Court considered a similar situation when interpreting amendments to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. *See International Union of Electrical, Radio and Machine Workers, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976). Like the amendments in the instant case, the Title VII amendments 1) expanded the filing period for a claimant (from 90 to 180 days after the alleged civil rights violation), and 2) applied to "charges pending with the [EEOC]" on and after the effective date of the amendments. 86 Stat. 105, 113.

The Court interpreted "charges pending" to include unresolved charges that had been filed after the 90-day limitations period had run, but before the running of the 180-day period and within 180 days before the amendments' enactment. 429 U.S. at 243, 97 S.Ct. at 450. Because Congress intended to protect claims brought *after* the enactment date so long as they alleged violations which had occurred in the previous 180 days, the Court protected such claims brought *before* the effective date of the amendments—even if they would have been untimely under the old 90-day standard. "[W]e should not presume Congress created this odd hiatus in retroactivity ... unless congressional intent to do so was conveyed by language more precise than 'pending.'" 429 U.S. at 242–43, 97 S.Ct. at 450.

The Court expressly reserved the question before us today: whether Congress' extension of the limitations period would govern cases for which even the extended limitations period had run prior to the date of enactment. *Id.* at 243 n. 17, 97 S.Ct. at 450 n. 17. But in *Inda v. United Airlines, Inc.*, 565 F.2d 554 (9th Cir.1977), *cert. denied*, 435 U.S. 1007, 98 S.Ct. 1877, 56

L.Ed.2d 388 (1978), we addressed the question reserved in *Robbins & Myers. Inda* concerned an alleged Title VII violation occurring almost four years before the amendment's enactment date. We concluded that if "the charge was, on the date of enactment, on file with the Commission, and if final action had not yet been taken by the Commission with respect to the charge, the charge was pending in the sense in which that term is commonly used. It is that sense that we have attributed to Congress." *Inda*, 565 F.2d at 561; *see also Walker v. Jim Dandy Co.*, 638 F.2d 1330, 1332 (5th Cir.1981); *Hunter v. Westinghouse Electric Corp.*, 616 F.2d 267, 268 (6th Cir.), *cert. denied*, 449 U.S. 889, 101 S.Ct. 247, 66 L.Ed.2d 115 (1980). We find the reasoning of *Inda* equally applicable here. A claim not yet finally resolved remains "pending" for purposes of Section 28(a).

We recognize that "pending" could be logically interpreted as a claim filed and not yet rejected by the Board. The 1984 Amendments' particular concern for remedying latent occupational diseases, however, supports an interpretation more favorable to employees' interests. The House proposed to eliminate the notice requirement completely for long-latency occupational disease claimants in order to ensure that they did not "continue to encounter the severe procedural hurdles which the Longshore Act had presented in the past." H.R.Rep. No. 570, p. 10, 98th Cong. 2nd Sess., *reprinted in* 1984 U.S.Code Cong. & Adm.News 2743. Although the provision was modified in conference to impose a notice requirement, the conference bill extended the existing 30-day period to one year. H.R.Conf.Rep. No. 1027, 98th Cong. 2nd Sess., *reprinted in* 1984 U.S.Code Cong. & Adm.News 2780.

Furthermore, unlike the provision considered in *Inda*, applicable only to charges "pending with the Commission," Section 28(a) does not limit application of the 1984 Amendments to claims subject to further administrative review. In the absence of such a limitation, we interpret Section 28(a)

to include a claim, such as Osmundsen's, that was pending before us when the 1984 Amendments were enacted.

## II

### *Constitutionality*

■ The respondents' contention that Section 28(a) is unconstitutional if interpreted to "revive" Osmundsen's claim is without merit.[2] Extending a statute of limitations does not violate due process, even if the right of action has been time barred. *Davis v. Valley Distributing Co.*, 522 F.2d 827, 830 n. 7 (9th Cir.1975), *cert. denied*, 429 U.S. 1090, 97 S.Ct. 1099, 51 L.Ed.2d 535 (1977); *see also Chase Securities Corporation v. Donaldson*, 325 U.S. 304, 311–12, 65 S.Ct. 1137, 1140–41, 89 L.Ed. 1628 (1945).

■ Statutes of limitations generally cut off the remedy without extinguishing the right. *Chase Securities*, 325 U.S. at 314, 65 S.Ct. at 1142. This may be true even though the limitation is contained in the same statute that creates the substantive liability. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 556–59, 94 S.Ct. 756, 767–69, 38 L.Ed.2d 713 (1974). The question is one of legislative intent. *Davis*, 522 F.2d at 830 n. 7. Here, Congress gave no indication that it intended the expiration of the notice period of 33 U.S.C. § 912 to also extinguish the employer's liability under the Act.[3]

The decision of the Benefits Review Board dismissing Osmundsen's claim is vacated and the case is remanded for further consideration.

2. Although the issue of Osmundsen's entitlement to benefits has not yet been resolved, we find Todd's constitutional challenge ripe for review. Whether delay in our consideration of the constitutional question would work a substantial hardship on either party is uncertain. The issue is a pure question of law, however, and our ability to deal with it will not be enhanced by delay. *See Pacific Legal Foundation v. State Energy Resources Conservation & Development Commission*, 659 F.2d 903, 918 (9th Cir. 1981), *cert. denied in part*, 457 U.S. 1133, 102 S.Ct. 2959, 73 L.Ed.2d 1350 (1982), *aff'd in part*, 461 U.S. 190, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983).

3. Todd's reliance on *Shelter Framing Corp. v. Pension Benefit Guaranty Corp.*, 705 F.2d 1502 (9th Cir.1983), *rev'd in part sub nom., Pension Benefit Guaranty Corp. v. R.A. Gray & Co.*, —— U.S. ——, 104 S.Ct. 2709, 81 L.Ed.2d 601, *cert. denied in part*, —— U.S. ——, 104 S.Ct. 3553, 82 L.Ed.2d 855 (1984), is misplaced. Even assuming the factors considered by the court in *Shelter Framing* are relevant to Todd's due process challenge, *see R.A. Gray*, 104 S.Ct. 2710 n. 6, Todd fails to demonstrate that Section 28(a) is either arbitrary or irrational. *See id.* at 2718.